UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES L. JOHNSON, III,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RON HAYNES, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:22-cv-05492-RSM-BAT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT, DKT. 10, AND DIRECTING HIM TO FILE A SECOND AMENDED COMPLAINT** |

Plaintiff, a Stafford Creek Corrections Center prisoner, filed a 42 U.S.C. § 1983 complaint against Defendants Ron Haynes, Rob Schreiber, Gina Penrose, Gregory Jones, Eric Smith, Kayla Palmer, Corey Evans, Steven Ford, E. Hull McCann, Benjamin Porter, Cindy Ortquist, Richard Roberts, Barry Dehaven and "Covid Staff." As claims for relief he alleges: (I) Defendants Haynes, Jones, Ortquist ,Porter  and "covid staff" intentionally exposed him to Covid in violation of the Eighth Amendment; (II) Defendants Palmer, Jones, Evans, Smith, and Ford have harassed Plaintiff; (III) Defendants Evans, Jones, Hull, McCann, Dehaven, Palmer and Smith imposed disciplinary sanctions on Plaintiff based upon vague rules and inadequate notice; (IV) Defendants Palmer, Dehaven, Smith, Roberts and Schreiber found Plaintiff guilty of committing infractions after a hearing that denied Plaintiff due process; (V) Defendants Palmer, Evans, Ford, Smith, Jones, Hull, and McCann filed false disciplinary charges against Plaintiff in

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND COMPLAINT, DKT. 10, AND
DIRECTING HIM TO FILE A SECOND
AMENDED COMPLAINT - 1

retaliation when Plaintiff exercised his right to appeal his infractions; (VI) Defendants Smith, Evans, Palmer, Jones and Ford have racial bias against Plaintiff; (VII) Defendants Schreiber, Haynes and Penrose violated Plaintiff's rights by failing to correct the infraction findings on appeal.

On July 25, 2022, Plaintiff filed a motion to file an amended complaint. Dkt. 10. The proposed complaint he attached is one page in length and deficient because it fails to allege any facts supporting any claim that any Defendant violated Plaintiff's rights under § 1983.

Th Court must screen a prisoner's complaint seeking relief against state actors and must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(a) and (b)(1), (2).

The present complaint and proposed amended complaint are deficient and subject to dismissal. The Court thus directs Plaintiff to file a second amended complaint by **August 16, 2022** to correct the deficiencies noted below. An amended complaint completely replaces the original complaint and thus the amended complaint must set forth all claims and supporting facts. The current proposed amended complaint, Dkt. 10, fails to set forth facts establishing a cause of action. Plaintiff's second amended complaint must contain all defendants, all claims, and all facts in support of each claim against each Defendant. The Court will recommend dismissal of the case if a second amended complaint is not filed or is still deficient.

A. **Legal Standards**

A complaint must contain a short and plain statement that Plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2) and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions are insufficient.

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND COMPLAINT, DKT. 10, AND
DIRECTING HIM TO FILE A SECOND
AMENDED COMPLAINT - 2

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. Hence what Plaintiff must set forth in a complaint is a statement of facts supporting an enforceable right to relief. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc).

Plaintiff seeks § 1983 relief. To obtain § 1983 relief, Plaintiff must establish (1) he suffered a violation of a right protected by the Constitution, and (2) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 847 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, the plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.     Claims**

***1. Covid – Eighth Amendment***

The gist of the claim is Plaintiff's belief the prison intentionally exposed him to COVID by mixing COVID negative inmates with COVID positive inmates to infect him with the virus. The complaint fails to set forth sufficient facts to support this belief.

Plaintiff also alleges Defendants Jones, Porter, Ortquist, Haynes and Covid staff are negligent and should have implemented better protocols in their supervisory capacity to determine which prisoner is positive and not "false-positive," to better quarantine prisoners, prevent COVID from ever entering the prison. The complaint does not set forth what better testing could have been done; how better testing would change things at the prison; whether a group of prisoners housed in one unit should all be quarantined if some but not all prisoners are positive; or how a prison could prevent COVID from entering the prison. Also, this claim (the

prison did a poor or negligent job) is at odds with Plaintiff's general contention that the prison intentionally (on purpose) exposed negative prisoners to positive prisoner in a deliberate effort to sicken the prisoners. Further, negligence is also not a basis for § 1983 liability in a claim of deliberate indifference.

Plaintiff further alleges Defendants were deliberately indifferent. The "deliberate indifference" prong requires (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff must thus set forth what specific acts the Defendants performed that violated his rights, i.e., did the Defendants personally participate in the acts that allegedly violated Plaintiff's Eighth Amendment rights. A §1983 plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights and cannot establish liability on the basis of supervisory responsibility alone. *See City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-94 (1978). Additionally, indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, or medical malpractice will not support this claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

### 2. Harassment, Disciplinary Sanctions and Hearing Process

The complaint alleges Plaintiff has been infracted many times. In most cases, the infractions and disciplinary sanctions have been upheld. Plaintiff contends his infractions, the disciplinary hearing process and sanctions that have been imposed are retaliatory, based upon bias, and involve unfair hearings.

First, the fact that most of the infractions have been found or upheld cuts against Plaintiff's claims that Defendants are making up infractions in retaliation against him.

Second, there is no constitutional right to a prison grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Ramirez*, 334 F.3d at 860. If the state elects to provide a grievance mechanism, alleged violations of the procedures do not give rise to § 1983 claims. *Silva v. Gregoire*, 2007 WL 1814073 at *6 (W.D. Wash. 2007); *Hoover v. Watson*, 886 F.Supp. 410, 418 (D.Del.1995) (*aff'd,* 74 F.3d 1226); *Brown v. Dodson,* 863 F.Supp. 284, 285 (W.D.Va. 1994); *Allen v. Wood*, 970 F.Supp. 824, 832 (E.D.Wash. 1997) (The grievance process is an internal prison process for handling prison complaints and does not involve substantive rights). "Due process does not require that each level of review personally investigate the allegations made, or that reviewing officials address the grievances in a particular manner." *Arceo v. Salinas*, 2016 WL 1073257, No. 11-cv-2396 (E.D. Cal., Mar. 18, 2016); *Smith v. Swaney*, 399 F. App'x 234 (9th Cir. 2010) (district court properly dismissed plaintiff's claim that the defendant violated his due process rights by canceling his grievance because a prisoner enjoys no constitutional right to a prison grievance procedure).

Hence Plaintiff claims about the handling of his sanctions hearings and review on appeal fail as a matter of law and cannot be cured through amendment. *See Arceo*, 2016 WL 1073257 (plaintiff's claims that defendants failed to process grievances or address grievances in a certain way failed to state a due process claim as a matter of law; dismissal without leave to amend appropriate as amendment would be futile); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

**C.  Conclusion**

The present complaint is deficient (Dkt 6.) and rather than dismissing it immediately, the Court thus orders:

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND COMPLAINT, DKT. 10, AND
DIRECTING HIM TO FILE A SECOND
AMENDED COMPLAINT - 5

(1) The Court GRANTS Plaintiff's motion to file a second amended complaint. Dkt. 10. Plaintiff must file the second amended complaint no later than **August 16, 2022** to correct the deficiencies noted above. The second amended complaint completely replaces the original complaint and first amended complaint and thus the second amended complaint must set forth all claims and supporting facts.

(2) "John Doe" or unnamed "Covid staff" are insufficient. Anonymous Defendants cannot be served or defended. Plaintiff should thus identify each Defendant that he wished to bring an action against.

(3) The Clerk shall provide Plaintiff a copy of the standard § 1983 complaint form.

(4) The Court will recommend dismissal of this case if a second amended complaint that cures the deficient complaint is not filed by August 16, 2022.

DATED this 26th day of July, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND COMPLAINT, DKT. 10, AND
DIRECTING HIM TO FILE A SECOND
AMENDED COMPLAINT - 6