UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES L. JOHNSON, III, | |
| Plaintiff, | CASE NO. 3:22-cv-05492-RSM-BAT |
| v. | **REPORT AND RECOMMENDATION** |
| RON HAYNES, et al., | |
| Defendant. | |

Plaintiff, a Washington state prisoner who at the times relevant herein was confined at the Stafford Creek Corrections Center,[1] proceeds *pro se* and *in forma puaperis* in this complaint under 42 U.S.C. § 1983. Previously, this Court screened plaintiff's complaint (Dkt. 6) and proposed amended complaint (Dkt. 10) pursuant to 28 U.S.C. § 1915A and found them deficient; the Court granted plaintiff leave to file an amended complaint. Dkt. 12. Plaintiff has since filed two amended complaints. Dkts. 17, 20. The Court has reviewed both the second and third amended complaints but finds the third amended complaint (Dkt. 20), filed latest in time, to have superseded all previous complaints filed and is therefore the only complaint subject to screening under § 1915A. The Court finds plaintiff's third amended complaint has failed to cure the previously identified deficiencies. The Court therefore recommends that this case be

---

[1] Plaintiff is currently confined at the Coyote Ridge Corrections Center. Dkt. 18.

REPORT AND RECOMMENDATION - 1

**DISMISSED** with prejudice for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915A.

## DISCUSSION

### A. Legal standards

As the Court previously stated, the Court must screen a prisoner's complaint seeking relief against state actors and must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(a) and (b)(1), (2).

In order to state a claim upon which relief can be granted, a complaint must contain a short and plain statement that the plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. Hence, what plaintiff must set forth in a complaint is a statement of facts supporting an enforceable right to relief. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc).

To obtain relief under § 1983, plaintiff must establish that (1) he suffered a violation of a right protected by the Constitution, and (2) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 847 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, the plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

### B. Plaintiff's claims

Plaintiff's third amended complaint names as defendants Ron Haynes, Rob Schreiber, Gina Penrose, Gregory Jones, Eric Smith, Kayla Palmer, Benjamin Porter, Cindy Ortquist, Barry DeHaven, Corey Evans, Steven Ford, Wyatt Hull, William McCann, Richard Roberts, and "COVID staff." He asserts claims related to (1) exposure to and contraction of COVID-19, and (2) harassment, retaliation, disciplinary sanctions, hearing process, discrimination, and racial bias. He seeks a declaratory judgment, injunctive relief, and compensatory and punitive damages.

#### 1. COVID and Eighth Amendment Claims

Plaintiff alleges defendants Haynes, Jones, Ortquist, Porter, and COVID staff deliberately exposed him to COVID, failed to develop or implement policies to protect him from COVID, and implemented polices that were inadequate to protect him from COVID, thereby subjecting him to cruel and unusual punishment, deliberate indifference to a substantial risk of serious harm to his health and safety, and negligence. Dkt. 20 at 36-37.

The Court previously informed plaintiff that he must set forth what specific acts the defendants performed that violated his rights, and that a § 1983 plaintiff cannot establish liability on the basis of supervisory responsibility alone. Dkt. 12 at 4. The Court also informed plaintiff that his claims that the prison did a poor job of protecting inmates from COVID is at odds with his claim that the prison deliberately exposed him to COVID, and that negligence is not a basis for § 1983 liability. *Id.*

Plaintiff alleges that he was deliberately exposed to COVID when he was housed with inmates known to be positive for COVID. Dkt. 20 at 5. This appears to refer to an incident where plaintiff was moved to the quarantine unit after he was reported to have a positive test; plaintiff

REPORT AND RECOMMENDATION - 3

disputed the result of this test, stating that he did not take a proper test. Dkt. 20 at 6. Plaintiff also alleges that he tested positive for COVID after his unit was mixed with other units with COVID positive cases during movements, and he felt this was done recklessly and deliberately to spread COVID. Dkt. 20 at 7-8. However, plaintiff fails to allege sufficient facts to support his claims that his placement in the quarantine unit or the mixing of units during movements was a deliberate attempt to expose him to COVID. Plaintiff again fails to set forth sufficient facts to support a claim that any defendant deliberately exposed him to COVID.

Plaintiff alleges that defendants implemented ineffective measures to protect him from COVID, failed to follow or enforce COVID protective measures, and were reckless and negligent in exposing him to COVID. Dkt. 20 at 5-6. But plaintiff fails to identify how any individual defendant personally participated in developing or implementing COVID policies, referring generally to "defendants." Plaintiff again fails to set forth sufficient facts to support his claims related to the development or implementation of COVID policies and procedures.

Plaintiff alleges that defendants Jones and Ortquist failed to provide him with a rapid COVID test when he requested one to prove he was not positive for COVID. Dkt. 20 at 6. But he fails to allege that they had the ability to provide or administer rapid tests to inmates upon request, or that a negative rapid test result would have averted his move to the quarantine unit.

Plaintiff continues to allege negligence as a basis for his claims. And he again names unidentified "COVID staff" as defendants.

Because plaintiff failed to correct the deficiencies the Court identified in its previous order, the Court recommends that plaintiff's claims related to COVID be **DISMISSED** with prejudice.

REPORT AND RECOMMENDATION - 4

### 2. *Harassment, Disciplinary Sanctions, and Hearing Process*

Plaintiff alleges he has experienced harassment; been subjected to vague rules and sanctions without adequate notice; been denied due process at infraction hearings; experienced retaliation for exercising his right to appeal infractions, file grievances, and file tort claims; experienced discrimination and racial bias; and experienced retaliation and denial of due process by the failure to correct errors on administrative appeal. Dkt. 20 at 38-40.

The Court previously informed plaintiff the fact that most infractions against plaintiff were upheld on appeal cuts against plaintiff's claims that defendants are making up infractions in retaliation against him. Dkt. 12 at 4. The Court also informed plaintiff that there is no constitutional right to a prison grievance system, and that all claims related to the grievance system fail as a matter of law. *Id.* at 5.

In his amended complaint, plaintiff details the many infractions he has received and the outcomes of various hearings and appeals of these infractions; some infractions were upheld, some were reduced or dismissed. Dkt. 20 at 9-31. However, plaintiff again makes only conclusory allegations that these infractions and sanctions constituted harassment, retaliation, and discrimination and violated his constitutional rights. Plaintiff also continues to assert claims related to grievances he filed and the outcomes of the grievance review process. *Id.* at 31-33.

Because plaintiff failed to correct the deficiencies the Court identified in its previous order, the Court recommends that plaintiff's claims related to harassment, disciplinary sanctions, and the hearing process be DISMISSED with prejudice.

//

//

//

REPORT AND RECOMMENDATION - 5

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 28, 2022**. The Clerk should note the matter as ready for the District Judge's consideration on **October 28, 2022**. The failure to timely object may affect the right to appeal.

DATED this 14th day of October, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6