UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES L. JOHNSON, III,<br><br>Plaintiff,<br><br>v.<br><br>RON HAYNES, et al.,<br><br>Defendants. | Case No. C22-5492-RSM<br><br>ORDER REVOKING IN FORMA PAUPERIS ON APPEAL |

This matter comes before the Court on a referral from the Ninth Circuit Court of Appeals to determine whether in forma pauperis ("IFP") status should continue on appeal. Dkt. #37. Pro se Plaintiff James L. Johnson III was granted leave to proceed in forma pauperis in this matter on July 25, 2022. Dkt. #5.

On October 14, 2022, Magistrate Judge Brian A. Tsuchida recommended dismissing Mr. Johnson's third amended complaint with prejudice for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. 1915A. The Court adopted this Report and Recommendation and dismissed the case with prejudice on November 2, 2022. Dkt. #32.

Where, as here, a party was permitted to proceed IFP in the District Court, the party may proceed on appeal in forma pauperis without further authorization unless the District Court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 1

entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id*. at 327.

In his third amended complaint, Mr. Johnson named as defendants Ron Haynes, Rob Schreiber, Gina Penrose, Gregory Jones, Eric Smith, Kayla Palmer, Benjamin Porter, Cindy Ortquist, Barry DeHaven, Corey Evans, Steven Ford, Wyatt Hull, William McCann, Richard Roberts, and "COVID staff." He asserted claims related to (1) exposure to and contraction of COVID-19, and (2) harassment, retaliation, disciplinary sanctions, hearing process, discrimination, and racial bias. He sought a declaratory judgment, injunctive relief, and compensatory and punitive damages.

First, Mr. Johnson's claims related to COVID failed to set forth what specific acts the defendants performed that violated his rights. In Magistrate Judge Tsuchida's July 26, 2022, order granting Mr. Johnson leave to amend his complaint, Mr. Johnson was informed of this deficiency and that a § 1983 plaintiff cannot establish liability on the basis of supervisory responsibility alone. Dkt. #12 at 4. Magistrate Judge Tsuchida also informed Mr. Johnson that his claims that the prison did a poor job of protecting inmates from COVID was at odds with his claim that the prison deliberately exposed him to COVID, and that negligence is not a basis for § 1983 liability. *Id.* Still, Mr. Johnson continued to allege negligence as the basis for his claims

and failed to cure the deficiencies identified by Magistrate Judge Tsuchida's July 26 order. His claims related to COVID were thus properly dismissed with prejudice.

Second, Mr. Johnson's claims related to harassment and disciplinary sanctions rested solely on conclusory allegations, and his claims related to the grievance review process fail as a matter of law. In Magistrate Judge Tsuchida's July 26, 2022, order granting Mr. Johnson leave to amend his complaint, Mr. Johnson was informed that the fact that most infractions against Mr. Johnson were upheld on appeal cut against his claims that defendants were making up infractions in retaliation against him. Dkt. #12 at 4. Magistrate Judge Tsuchida also informed Mr. Johnson that there is no constitutional right to a prison grievance system, and that all claims related to the grievance system fail as a matter of law. Still, in his third amended complaint, Mr. Johnson failed to cure these previously identified deficiencies and these claims were thus properly dismissed with prejudice as well.

For the reasons set forth above, the Court continues to believe that any appeal of this ruling necessarily lacks an arguable basis in law or in fact. The Court cannot find that Mr. Johnson's appeal has been taken in good faith, and maintains that, by its assessment of the proposed complaint, Mr. Johnson's claims are legally frivolous or malicious.

Accordingly, the Court hereby FINDS AND ORDERS that Plaintiff's in forma pauperis status is REVOKED.

DATED this 10th day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE